Marshall, C.' J.
These two eases were admitted in this court upon motion, and come from the court of appeals of Warren county. Plaintiff in error Houck was originally tried in the mayor’s court of Lebanon, Ohio, on charges of possessing and transporting whisky contrary to the provisions of Section 6212-15, General Code. Houck is a resident of Dayton and on Thanksgiving evening, 1921, drove to Lebanon in a Ford runabout in which there were concealed in the back part thereof eight bottles of whisky, and parked the machine on one of the principal streets of Lebanon. The marshal of Lebanon had been informed that a week or two previous, on a Saturday evening, Houck had been bootlegging in Lebanon, and had seen Houck on his former visit under apparently suspicious circumstances. The marshal observed the car, and upon examination discovered the whisky. He thereupon placed the bottles in the front end of the car, and, after notifying the sheriff of the county, awaited Houck’s return, and arrested him upon charges of possessing and transporting whisky. Prior to the trial Houck made application for the return of the liquor, claiming that his constitutional rights were violated by reason of his automobile being searched and the whisky seized -without a search warrant or other legal process. At this hearing Houck took the witness stand in his own behalf, but when asked upon cross-examination why he had the whisky in his car, and how it came to be there, refused to answer oil the ground that it would incriminate him. The magistrate-refused to order the return of the whisky and upon trial Houck offered no evidence in his de *197 fense and was found guilty. The court of appeals affirmed the conviction.
It was contended in the court of appeals and is again contended in this court that the seizure of the goods without a search warrant, and the arrest of Houck without process first obtained, was a violation of his constitutional right.
Section 14, Article I of the Ohio Constitution, is invoked, which reads as follows: “The right of the people to be secure in their persons, houses, papers and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized. ’ ’
The sections of the code authorizing arrests without process are Sections 4386 and 13492, General Code. The purport of those sections is that an officer shall arrest and detain a person found guilty of violating any law or ordinance of the state until a warrant can be obtained. Another code section which is more definitely applicable to the present controversy is Section 6212-43, General Code, the pertinent provisions of which are: “When * * * any officer of the law, shall discover any person in the act of transporting in violation of law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law * # * and shall arrest any person in charge thereof. ”
The question is therefore presented whether under the circumstances of the case the officer had a *198 right to search the automobile without a search warrant and whether he had a right to take Houck into custody without a warrant for his arrest.
At the hearing the marshal who made the arrest testified as to the information which he had formerly received of Houck being a law violator and of his having seen him in the village of Lebanon under suspicious circumstances, which evidence tended to show the good faith of the marshal and that he was acting upon probable cause, and his testimony evidently convinced the magistrate. The court of appeals affirmed the judgment of the magistrate and the question of the reasonableness of the search being one of fact, this court will not weigh the evidence to determine whether the magistrate was justified in the findings made and the judgment rendered.
This is not a new question in Ohio and presents ho great difficulty. The case of Ballard v. State, 43 Ohio St., 340, is not parallel in its facts, but does involve a similar principle. Prom the syllabus of that case we quote: “Under a proper construction of these sections [7129, R. S., now 13492, G. C.], a marshal of a municipal corporation is authorized, without warrant, to arrest a person found on the public streets of the corporation carrying concealed weapons contrary to law, although he has no previous personal knowledge of the fact, if he acts bona fide, and upon such information as induces an honest belief that the person arrested is in the act of violating the law.”
Applying the facts herein outlined to Section 6212-43, General Code, above quoted, and construing that section in the light of the Ballard case, no *199 doubt remains of tbe correctness of the judgment of the courts below.
The provisions of Section 6212-43, General Code, are identical with those of Section 26, Title II of the national prohibition act, known as the Volstead law; and Section 14, Article I, of the Ohio Bill of Bights, is identical with the 4th Amendment to the Federal Constitution. The federal law and constitution being therefore identical with the Ohio law and constitution, it is comforting to note that the United States circuit court of appeals for the 9th circuit, on August 7, 1922, decided the case of Lambert v. United States, 282 Fed. Rep., 413, in which the facts are almost exactly identical with the facts in the case at bar, and we therefore quote the syllabus of that decision:
“1. There was no violation of Const. Amend. 4, prohibiting unreasonable search or seizure without a warrant, where the actions of one whose automobile on the street is seized and searched for liquor by prohibition officers justify them in believing that he is at the time transporting liquor in violation of National Prohibition Act.
“2. Defendant’s actions, as disclosed by the evidence, held such as to warrant the prohibition officers in believing that he was at the time transporting liquor in violation of the National Prohibition Act, justifying them in arresting him and seizing and searching his automobile.”
Counsel for plaintiff in error in the case at bar misconceive the true character and scope of Section 14, Article I of the Ohio Constitution. The constitution does not forbid all searches and seizures, but, *200 on the contrary, the inhibition is only against unreasonable searches and seizures.
The purpose of the basic law is to guide legislative action, and the legislature having enacted Section 6213-43, General Code, and that section being clearly pertinent and authoritative to permit the marshal to search the automobile without a. search warrant, if he was in possession of information and acted honestly and in good faith in the belief that it contained liquors then being transported in violation of law, the only question remaining to be determined is whether or not that section is constitutional.
It will be presumed that the legislature acted with full knowledge of the provisions of Section 14, Article I, and in full knowledge of the construction placed by this court upon Section 13492, General Code, in the case of Ballard v. State, supra, and that it was only intended that Section 6212-43 should be administered in the same manner that the court has approved in the administration of Section 13492. That is to say, as long as the officer acts in good faith and upon information which he believes to be true lie may lawfully search an automobile or other vehicle without first obtaining a search warrant therefor, and having found intoxicating liquor he is further warranted in confiscating the goods and arresting the person in charge.

Judgments affirmed.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark, JJ., concur.